```
DION-GOLDBERGER
ATTORNEYS AT LAW
BY: BENSON I. GOLDBERGER
IDENTIFICATION NO.:  59442
1515 LOCUST STREET, 10TH FLOOR              ATTORNEY FOR PLAINTIFF
PHILADELPHIA, PA. 19103
(215) 546-6033


DENNIS YARNELL                          :   IN THE UNITED STATES
4316 COMLY STREET                       :   DISTRICT COURT FOR THE
PHILADELPHIA, PA. 19135                 :   EASTERN DISTRICT OF
PENNSYLVANIA
                                        :
     VS.                                :
                                        :   JURY TRIAL DEMANDED
CITY OF PHILADELPHIA                    :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :
          AND                           :
POLICE CHIEF SYLVESTER JOHNSON          :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :
          AND                           :
CITY OF PHILADELPHIA POLICE DEPARTMENT  :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :
          AND                           :
POLICE OFFICER GREGORY SEGALINE         :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :
          AND                           :
POLICE OFFICER NICHOLAS BROWN           :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :
          AND                           :
POLICE OFFICER RICHARD BOVA             :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :
        AND                             :
POLICE OFFICER JOHN BENDER              :
C/O LAW DEPARTMENT                      :
ONE PARKWAY                             :
1515 ARCH STREET, 15TH FLOOR            :
PHILADELPHIA, PA. 19102                 :   CIVIL ACTION
```

I.    JURISDICTION AND VENUE

1. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. 1331 and 1343, and jurisdiction over the State Law Claims pursuant to the principals of pendant and ancillary jurisdiction.

2. Venue is proper under 28 U.S.C. 1391(b) because all of the causes of action upon which the complaint is based arose in City and County of Philadelphia, Commonwealth of Pennsylvania, which is in the Eastern District of Pennsylvania.

II.    PARTIES

3.    Plaintiff, Dennis Yarnell is an adult citizen of Pennsylvania, residing as captioned, and his birthday is August 30, 1980.

4. Defendant, City of Philadelphia, is a City of the first class, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned.

5.    Defendant, Police Chief Sylvester Johnson, was at all material times the Police Chief of the City of Philadelphia Police Department, acting under the color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

6. Defendant, Police Chief Sylvester Johnson, was at all material times responsible for supervising and training defendants , Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, and Police Officer John Bender, and Police Officers John Does #1-10.

7. At all material times, defendant, Police Chief Sylvester Johnson, had final decision making authority over the implementation of policy and the day to day operations of the City of Philadelphia Police Department.

8. Defendant, Police Officer Gregory Segaline, was at all material times a police officer with the City of Philadelphia Police Department, acting under the color of law and in the course and scope of her employment, and is being sued in both his official and individual capacities.

9. Defendant, Police Officer Nicholas Brown, was at all material times a Detective with the City of Philadelphia Police Department, acting under the

color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

10. Defendant, Police Officer Richard Bova, was at all material times a police officer with the City of Philadelphia Police Department, acting under the color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

11. Defendant, Police Officer John Bender, was at all material times a police officer with the City of Philadelphia Police Department, acting under the color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

12. Defendant, Patrolman John Does #1-10, were at all material times police officers in the City of Philadelphia Police Department, acting under the color of law and in the course and scope of their employment, and are being sued in both their official and individual capacities.

III.   OPERATIVE FACTS

13. On or about October 6, 2002, at approximately 12;15 a.m., the Plaintiff, Dennis Yarnell, was a passenger in a motor vehicle operated by Thomas Stacey.

14.  In addition to Plaintiff, Dennis Yarnell, Kelly Douglas and Lauren Beer were also passengers in the vehicle operated by Thomas Stacey.

15.  On the evening of October 6, 2002, Thomas Stacey was operating his vehicle on Frankford Avenue and looked in his rear view mirror and observed that he was being followed by a City of Philadelphia Police Department vehicle.

16.  Without violating any Pennsylvania motor vehicle statutes, Thomas Stacey continued to operate his vehicle on Frankford Avenue, then onto Stella Street, Emerald Street, and finally onto Elkhart Street, at which time a City of Philadelphia Police vehicle coming in the opposite direction on Elkhart Street, struck the front of his vehicle, pinning Thomas Stacey's vehicle between the two Philadelphia Police vehicles.

17.  At that time, Thomas Stacey was pulled out of his motor vehicle, and though not resisting arrest, punched numerous times in the face, hand-cuffed,

and placed in the City of Philadelphia police vehicle.

18. Plaintiff Dennis Yarnell was pulled out of the vehicle by Defendant Police Officer Gregory Segaline who drew his gun and put it to Dennis Yarnell's head. At this time, Dennis Yarnell was hit from the side by the other aforementioned Defendant police officers and then thrown to the ground by Defendant Police Officer Gregory Segaline.

19. While Plaintiff Dennis Yarnell was lying on his stomach, Dennis Yarnell was punched in the face and kicked multiple times by Defendant Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10.

20. While on the ground, Defendant Police Officer Gregory Segaline instructed Plaintiff Dennis Yarnell to put his arms out in front of him and Plaintiff Dennis Yarnell complied with this order.

21. As Dennis Yarnell complied with this Order, he was kicked in the face and head by Defendant Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10.

22. Defendant Police Officer Gregory Segaline instructed Dennis Yarnell to put his hands behind his back and Dennis Yarnell complied with this Order. At this time, Defendant Police Officer Gregory Segaline cuffed Dennis Yarnell's left wrist and while holding on to his right arm, punched Dennis Yarnell in the eye.

23. After being handcuffed by Defendant Police Officer Gregory Segaline, Plaintiff Dennis Yarnell was placed in the same police vehicle, a van, as Thomas Stacey. At that time, Thomas Stacey observed that Dennis Yarnell's right eye was swollen, completely shut and his face was swollen.

24. Dennis Yarnell remained in the police van for approximately one hour at which time he was transferred into another police van believed to be from the 14th Police District.

25. The police officers in the 14th police district van transported Dennis

Yarnell to the emergency room at Northeastern Hospital where he was treated for injuries sustained in his beating by the aforementioned Defendant City of Philadelphia police officers.

26.   As a result of being repeatedly beaten in the face, head and body, the Plaintiff sustained the following injuries: blurred vision, post-concussion syndrome with head trauma, acute lumbosacral strain and sprain, acute left trapezius myofascitis, acute cervical strain and sprain, left rib contusion, severe facial trauma with bruising, post-traumatic situational anxiety reaction.

27.   The beating administered by the aforementioned Defendant City of Philadelphia police officers was observed by many of the neighbors who resided on Elkhart Street, in Philadelphia, Pennsylvania.

28.   When the Defendant police officers were asked by these neighbors to stop kicking and striking Plaintiff Dennis Yarnell and Thomas Stacey, since they were not resisting the police, the Defendant police officers told these neighbors to "mind their own business or they would be arrested."

29.   Dennis Yarnell did not violate any criminal statutes of the Commonwealth of Pennsylvania on October 6, 2002, he was not charged with any crimes, and after being transported by police officers from the 14th police district to the emergency room at Northeastern Hospital, he was told he was free to leave the hospital and was not being charged with any crime.

30.   Defendants and Police Commissioner Sylvester Johnson were aware that police officers in Philadelphia County, and specifically the above named police officers, engaged in unconstitutional conduct and they acquiesced in such unconstitutional conduct.

31.   Defendants, Police Commissioner Sylvester Johnson maintained a policy and/or custom of allowing Philadelphia police officers, and specifically the above named police officers, to use unreasonable force against the citizens of Pennsylvania.

32.   As the direct and proximate result of the City of Philadelphia Police Department and the City of Philadelphia's unconstitutional custom or policy,

and the acquiescence by Police Chief Sylvester Johnson, the Plaintiff's constitutional rights were violated and he was severely injured.

33. As the proximate result of using unreasonable force against the Plaintiff, Defendant Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, violated of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and the Pennsylvania Constitution.

34. As the proximate result of using unreasonable force against the Plaintiff, Defendant Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, caused the Plaintiff to suffer extreme physical harm, emotional harm and economic loss.

COUNT I - 42 U.S.C.  Sections 1983, AND 1988
AND PENNSYLVANIA CONSTITUTION
UNREASONABLE FORCE
Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

35. Paragraphs 1 through 33 are incorporated herein by reference, as though each were fully set forth herein at length.

36. As aforesaid, defendants, Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of Pennsylvania and the United States; in particular, the right to be free from the excessive or unreasonable use of

force by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws and Constitution of Pennsylvania.

37. As aforesaid, defendants, Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, acting within the course and scope of their employment, under the Color of State Law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department and City of Philadelphia, intentionally and maliciously assaulted and battered plaintiff, Dennis Yarnell, and placed him in fear of imminent bodily harm without just cause or provocation, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws and Constitution of Pennsylvania.

38. As aforesaid, defendants, Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department and defendant, City of Philadelphia, intentionally and maliciously assaulted and battered, plaintiff, Dennis Yarnell and used their positions of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the law and Constitution of Pennsylvania.

39. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Police Officers Gregory Segaline and/or Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, the plaintiff, Dennis Yarnell, suffered injuries which are described above.

40. The above described actions of the defendants, Police Officer Gregory

Segaline and/or Police Officer Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, and Section 1988, and the Pennsylvania Constitution, plaintiff, Dennis Yarnell, demands compensatory damages against defendants, Police Officer Gregory Segaline and/or Police Officer Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, jointly and/or severally, and punitive damages against defendants, Police Officer Gregory Segaline and/or Police Officer Police Officer Nicholas Brown and/or Police Officer Richard Bova and/or Police Officer John Bender, and/or Police Officers John Does #1-10, in their individual capacity, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

COUNT II - 42 U.S.C. Section 1983 AND Section 1988 and
PENNSYLVANIA CONSTITUTION
FALSE ARREST AND FALSE IMPRISONMENT
Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

41. Paragraphs 1 through 40 are incorporated herein by reference, as though each were fully set forth herein at length.
42. As aforesaid, Defendants Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and

Police Officers John Does #1-10, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia Police Department; deprived plaintiff of her rights, privileges and immunities under the Laws and Constitutions of the State of Pennsylvania and the United States; in particular, the right to be free from false arrest and false imprisonment by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws and Constitution of the State of Pennsylvania.

43. As aforesaid, defendants, Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and maliciously arrested, imprisoned, detained, humiliated, and insulted, plaintiff, Dennis Yarnell, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws and Constitution of the State of Pennsylvania.

44. Defendants Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10 conduct in causing the Plaintiff to be falsely arrested and imprisoned on the aforementioned occasions was the proximate cause of Plaintiff's damages, including, but not limited to, physical injury, emotional damage, and economic damage.

   WHEREFORE, plaintiff, Dennis Yarnell, demands compensatory and punitive damages against defendants, Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, for violating his Fourth and Fourteenth Amendment right to be free from false arrest and false imprisonment, and his

rights under Pennsylvania law and the Pennsylvania Constitution to be free from false arrest and imprisonment in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

COUNT III- FAILURE TO TRAIN AND SUPERVISE
Yarnell V. City of Philadelphia and Police Chief Sylvester Johnson

45.  Paragraphs 1 through 44 are incorporated herein by reference, as though each were fully set forth herein at length.

46.  The plaintiff, Dennis Yarnell, believes and therefore avers that City of Philadelphia and defendant Police Chief Sylvester Johnson have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including, but not limited to, a policy of excessive or unreasonable force, falsely arresting, falsely imprisoning innocent people, which policy is in violation of the constitution and in violation of 42 U.S.C. Section 1983.

47. The plaintiff, Dennis Yarnell, believes and therefore avers that the defendants, City of Philadelphia and Police Chief Sylvester Johnson have adopted and maintained for many years, a recognized and accepted policy, custom and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power to use reasonable force, to falsely arrest and falsely imprison individuals without probable cause and/or legal justification prosecute people which policy violates the Fourth, and Fourteenth Amendments of the Constitution of the United States and the law and Constitution of Pennsylvania.

48. The Defendants, City of Philadelphia and Police Chief Sylvester Johnson have been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from unreasonable force, false arrests, and false imprisonment, which deliberate indifference violates the plaintiff's rights

under the Fourth, Sixth and Fourteenth Amendments of the Constitution of the United States and the law and Constitution of Pennsylvania.

49. The plaintiff, Dennis Yarnell, believes and therefore avers, that at the time of plaintiff's incidents, defendants, City of Philadelphia and Police Chief Sylvester Johnson knew or should have known of the above described policy of the City of Philadelphia Police Department, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, and control of the officers, agents, and/or employees of the City of Philadelphia Police Department.

50. The plaintiff, Dennis Yarnell, believes and therefore avers, that at the time of the incidents alleged in Plaintiff's Complaint, defendants, City of Philadelphia and Police Chief Sylvester Johnson, knew or should have known of the above described policy, custom and practice of the City of Philadelphia, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

    a. Failure to prevent unreasonable force, false arrest and false imprisonment upon persons by City of Philadelphia Police Officers;

    b. Failure to have clear, concise, and appropriate police directives regarding arrests pursuant to vehicle chases and the standard for unreasonable force and probable cause for arrest and prosecution;

    c. Failure to properly supervise and/or control its police officers and detectives;

    d. Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department with prior and ongoing complaints of excessive force, false arrests, false imprisonments and malicious prosecution;

    e. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in

appropriate and documented corrective actions at all levels of the Philadelphia Police Department;

 f. Failure to prevent plaintiff from being injured by its officers where defendants knew or had reason to know of the conduct of said police officers;

 g. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

 h. Failing to provide adequate guidance, including police directives, as to when it was inappropriate to arrest and prosecute persons and how to handle evidence in criminal prosecutions;

 i. Otherwise acting without due regard for the rights, safety and position of the plaintiff herein, in accordance with the laws of the State of Pennsylvania; and

 j. Otherwise violating the ordinances of City of Philadelphia; Directives of the Philadelphia Police Department and the Statutes of the State of Pennsylvania.

51. The plaintiff believes and therefore avers that the defendants, City of Philadelphia and Police Chief Sylvester Johnson have a custom or policy or practice of failing to properly investigate matters in which police officers use unreasonable force and falsely arrest and/or imprison individuals without probable cause, which allows for and results in an encouragement to officers within the police department to continue doing the same, and creates policies, practices, and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for the allowance of false arrests and imprisonments by members of the City of Philadelphia Police Department without fear of punishment.

52. The defendants, City of Philadelphia and Police Chief Sylvester Johnson have been aware of the aforesaid described policies, customs and practices for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and

officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant police officers and detectives, who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and practices described to the deliberate indifference of the constitutional rights of the citizens of the City of Philadelphia.

53. By failing to take action to stop or limit the policies and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, the aforementioned defendants condoned, acquiesced in, participated in, and perpetrated the policies in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws and Constitution of Pennsylvania.

54. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, City of Philadelphia and Police Chief Sylvester Johnson, the plaintiff, Dennis Yarnell, suffered injuries which are described above.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988, plaintiff, Dennis Yarnell, demands compensatory damages against defendants, City of Philadelphia and Police Chief Sylvester Johnson, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

COUNT IV
STATE LAW
FALSE ARREST AND FALSE IMPRISONMENT
Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

55. Paragraphs 1 through 54 are incorporated herein by reference, as fully as though each were set forth herein at length.

56. As set forth above, Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, intentionally caused the false arrest and false imprisonment of the plaintiff, without probable cause, without privilege and against the plaintiff's will.

57. As a direct and proximate result of the malicious intentional and/or reckless actions of Defendants Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, the plaintiff sustained injuries which are described above.

58. The above-described actions of Defendants Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10 were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Dennis Yarnell, demands compensatory and punitive damages against Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, for the common law torts of false arrest and false imprisonment, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

COUNT V

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

59. Paragraphs 1 through 58 are incorporated herein by reference, as fully as though each were set forth herein at length.

60. Plaintiff believes and therefore avers that the defendants, Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon plaintiff in an intentional and/or reckless manner.

61. The above-described malicious, intentional, and/or reckless acts and omissions of Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

62. The above-mentioned malicious, intentional, and/or reckless acts and omissions of Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10 caused and continue to cause the plaintiff severe emotional distress, anxiety, and fear.

63. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, the plaintiff suffered injuries which are described above.

64. The above-described actions of Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Dennis Yarnell, demands compensatory and punitive damages against Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess of One

Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

COUNT VI

42 U.S.C. 1983 AND 1988

CONSPIRACY

Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

65. Paragraphs 1 through 64 are incorporated herein by reference, as fully as though each were set forth herein at length.

66. Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10 entered into an agreement or meeting of the minds to have plaintiff illegally arrested and imprisoned.

67. As a direct and proximate result of the agreement between the aforementioned defendants, Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and Pennsylvania Constitution were violated and he suffered emotional harm and substantial economic loss.

WHEREFORE, plaintiff, Dennis Yarnell, demands compensatory and punitive damages against the Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, for the conspiracy to violate his constitutional rights in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

COUNT VII

42 U.S.C. 1983 AND 1988

BYSTANDER LIABILITY

Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

68. Paragraphs 1 through 67 are incorporated herein by reference, as fully as though each were set forth herein at length.

69. Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, were present when the Plaintiff's constitutional rights were violated by using unreasonable force and falsely arresting and imprisoning him.

70. Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, knew or had reason to know that they did not have probable cause to arrest the Plaintiff and that the Plaintiff's constitutional rights were being violated due to the use of unreasonable force by the Defendants, and said Defendants had realistic opportunities to intervene and prevent the harm from occurring, but failed to do so.

71. Defendants Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, maliciously, intentionally, recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

   WHEREFORE, plaintiff, Dennis Yarnell, demands compensatory and punitive damages against the Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, for the conspiracy to violate his constitutional rights in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.


COUNT VIII
STATE LAW
ASSAULT AND BATTERY
Yarnell VS. Police Officer Gregory Segaline, Police Officer Nicholas Brown,

Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10

72. Paragraphs 1 through 71 are incorporated herein by reference, as fully as though each were set forth herein at length.

73. Defendants, Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, wrongfully and unlawfully assaulted and battered the plaintiff, as more particularly described hereinabove.

74. Plaintiff specifically complains of the conduct of defendants, Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, in physically abusing, pushing, grabbing, punching, kicking, and throwing the plaintiff, Dennis Yarnell.

75. The above-described actions of defendants placed the plaintiff, Dennis Yarnell, in reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly assaulted and abused against his will.

76. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, the plaintiff suffered injuries which are described above.

77. The above-described actions of defendants, Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John Does #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Dennis Yarnell, demands compensatory and punitive damages against the Gregory Segaline, Police Officer Nicholas Brown, Police Officer Richard Bova, Police Officer John Bender, and Police Officers John

Does #1-10, for the conspiracy to violate his constitutional rights in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

                                      RESPECTFULLY SUBMITTED,

                                      SIGNATURE CODE: UNKNOWN

Date:  September 21, 2004          BY:_____

                                      Benson I. Goldberger, Esquire